IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ORLANDO JEFFERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 323-081 |
| ) | |
| WARDEN DOUG WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Wheeler Correctional Facility ("Wheeler") in Alamo, Georgia, is proceeding *pro se* in this case brought pursuant to 42 U.S.C. § 1983, and in a simultaneously entered Order, the Court has granted him permission to proceed *in forma pauperis* ("IFP") subject to returning timely his Prisoner Trust Fund Account Statement and Consent to Collection of Fees from Trust Account. In this Report and Recommendation, the Court considers Plaintiff's motion for default judgment. (Doc. no. 3.)

**I.     Background**

Plaintiff commenced this case in the Northern District of Georgia by submitting a one-page "Declaration" which the Clerk of Court interpreted as a civil rights complaint. (Doc. no. 1.) The Declaration describes Plaintiff's dissatisfaction with his housing at Wheeler but provides no specific details about the participation of the only named Defendant in any alleged wrongdoing. (Id.) By separate Order, the Court has identified multiple pleading deficiencies in Plaintiff's pleading filed in the Northern District and has directed

him to file an amended complaint.  Along with his Declaration, Plaintiff filed a motion for default judgment, in which he asserts a summons and complaint were served on Defendant on an unknown date, Defendant did not answer, and therefore he should be awarded millions of dollars in damages and released from prison.  (See generally doc. no. 3.)

**II.    Discussion**

"Under Federal Rule of Civil Procedure 55, a court may enter default judgment against a [defendant] when (1) both subject matter and personal jurisdiction exist, (2) the allegations in the complaint state a claim against the [defendant], and (3) the [plaintiff] shows the damages to which [he] is entitled."  Progressive Mtn. Ins. Co. v. Taswell, CV 121-114, 2022 WL 1036776, at * (S.D. Ga. Apr. 6, 2022) (Hall, C.J.).  By its terms, Federal Rule of Civil Procedure 55 contemplates two steps before entry of a default judgment.  First, the party seeking a default must have the Clerk enter the default by submitting an "affidavit or otherwise" showing that the defaulting party "has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  Thereafter, the moving party may then seek entry of a default judgment under Rule 55(b).  Under Rule 55(b)(1), the Clerk is directed to enter a default judgment upon request of the plaintiff when all of the following conditions are present:  (1) the claim is for a sum certain, or for a sum that can by computation be made certain, which is supported with an affidavit showing the amount due; (2) the default is for want of appearance; and (3) the defendant is neither an infant nor an incompetent person.  When a claim is not for a sum certain, application for default judgment must be made to the Court under Rule 55(b)(2).  See Jackson v. Equifax Info. Servs., LLC, CV 119-096, 2021 WL 4851308, at *1 (S.D. Ga. Oct. 18, 2021).

This is Plaintiff's first filing regarding default, and therefore by definition, he is not entitled to the default judgment he seeks. Moreover, a default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules. However, a defendant is not required to file a pleading or otherwise defend himself unless and until he is properly served. See Varnes v. Local 91, Glass Bottle Blowers Ass'n of the United States and Canada, 674 F.2d 1365, 1369-70 (11th Cir. 1982) (prohibiting entry of default on amended complaint that was not properly served). Plaintiff's original complaint had not been screened at the time he filed his motion, let alone service of process ordered. Moreover, for this case to proceed, Plaintiff must return his IFP paperwork and an amended complaint so the Court can determine whether Plaintiff has a viable claim against any Defendant, as explained in a simultaneously filed Order. Thus, no Defendant has been under any obligation to appear in this case or respond to any pleading, and the motion requesting a default judgment should be **DENIED**.

### III. Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for default judgment be **DENIED**. (Doc. no. 3.)

SO REPORTED and RECOMMENDED this 20th day of October, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3